BC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

RECEIVED
GMC
11/6/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED
NF
11/17/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

David Martin

Plaintiff,

**1:25-CV-13670**
**Judge April M. Perry**
**Magistrate Judge Albert Berry, III**
**RANDOM / Cat. 2**

v.

GRETCHEN PETERSON, Chief Deputy Clerk of the Circuit Court of Cook County, in her individual and official capacities;

MARIYANA SPYROPOULOS, Clerk of the Circuit Court of Cook County, in her official capacity; COOK COUNTY, ILLINOIS; John and Jane Does,

Defendants.

Case No. __________

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983

## NATURE OF ACTION

This is a civil action under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution. Plaintiff seeks damages and equitable relief for the repeated alteration and delayed transmittal of court records by employees of the Clerk of the Circuit Court of Cook County, which deprived Plaintiff of meaningful access to appellate review.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(3)–(4), because this action arises under the Constitution and laws of the United States. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred in Cook County, Illinois.

## PARTIES

1. Plaintiff David Martin is a natural person residing at 5352 S. Princeton Avenue, Chicago, Cook County, Illinois 60609. He is a resident of Cook County and a citizen of the State of Illinois. Plaintiff may be reached by telephone at (773) 893-0813 or by e-mail at MartinvThompson@gmail.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

2. Defendant Gretchen Peterson is the Chief Deputy Clerk in the Civil Appeals Division of the Office of the Clerk of the Circuit Court of Cook County. She maintains her principal office at 50 W. Washington Street, Room 801, Chicago, Illinois 60602. Her office telephone number is (312) 603-5523 and her office fax number is (312) 603-5714. Her professional e-mail address is glpeterson@cookcountycourt.com. At all times relevant to this complaint, Peterson acted under color of state law and within the scope of her employment with the Clerk of the Circuit Court of Cook County. She is sued in her individual capacity for damages and in her official capacity for declaratory and injunctive relief.

3. Defendant Mariyana T. Spyropoulos is the Clerk of the Circuit Court of Cook County, responsible for overseeing the operations of all divisions and employees of the Clerk's Office, including those within the Civil Appeals Division. Her official office is located at 50 W. Washington Street, Suite 1001, Chicago, Illinois 60602-1305, and her office telephone number is (312) 603-5030. At all times relevant, she acted under color of state law in her capacity as the chief policymaker of the Clerk's Office. She is sued in her official capacity only, for declaratory and injunctive relief to ensure compliance with constitutional record-keeping obligations.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

4. Defendant Cook County, Illinois, is a unit of local government organized and existing under the laws of the State of Illinois. Cook County is responsible for establishing, funding, and maintaining the operations of the Office of the Clerk of the Circuit Court of Cook County, including the Civil Appeals Division. Cook County is sued under 42 U.S.C. § 1983 pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), for maintaining policies, practices, or customs that were the moving force behind the constitutional violations alleged herein.

5. Defendants John and Jane Does 1–5 are employees of the Clerk of the Circuit Court of Cook County whose true names and identities are presently unknown to Plaintiff. At all relevant times, these Defendants acted under color of state law within the scope of their employment in the Civil Appeals Division. Upon information and belief, they participated in the alteration, omission, or certification of the appellate record at issue in this Complaint, or otherwise aided or directed the conduct described herein. Plaintiff will amend this Complaint to substitute their true names once they are identified through discovery. These Defendants are sued in their individual capacities for damages pursuant to 42 U.S.C. § 1983.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

# PRELIMINARY STATEMENT

This case concerns the alteration and obstruction of court records by employees of the Cook County Clerk's Office. This case does not challenge any judicial decisions or state court judgments. Plaintiff does not seek to overturn, modify, or influence any state court proceeding. Plaintiff's initial appeal was dismissed by the Illinois Appellate Court in 2022 for lack of appellate jurisdiction because Plaintiff had pending claims still before the trial court. Under Illinois law, an appeal may not proceed until all claims have been resolved with a final, appealable order. The underlying state court litigation remains ongoing with claims still pending for adjudication. Plaintiff paid the judgment on certain resolved claims in August 2024, but other claims remain active and will generate additional appeals upon their resolution.

This action addresses a separate and distinct constitutional violation: the systematic alteration of official court records by non-judicial officers performing ministerial duties, in defiance of two court orders directing that accurate records be

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

provided. During the appellate process, Plaintiff discovered that the Clerk's Office had transmitted materially altered versions of his filings. Including documents rendered largely illegible, pages made blank, and statutory citations changed, that would have prevented accurate presentation of his arguments had the appeal proceeded to decision on the merits. These alterations deprived Plaintiff of meaningful access to appellate review and continue to threaten future harm when Plaintiff files his next appeal upon resolution of his pending trial court claims. Plaintiff seeks damages for past violations and injunctive relief to prevent the Cook County Clerk's Office from continuing its practice of transmitting altered, incomplete, or illegible records to litigants attempting to exercise their constitutional right to appeal. Without injunctive relief, Plaintiff will be forced to choose between abandoning his appellate rights or submitting to a fundamentally flawed process in which he cannot verify the accuracy of the documents upon which his appeal depends.

The claims in this action were never adjudicated on the merits. They were dismissed by the district court solely for failure to effectuate service under Rule 4(m). A dismissal the Seventh Circuit did not review. Equitable tolling applies to that service deadline for reasons explained below.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

# STATEMENT OF FACTS

1. Plaintiff **David Martin** was a litigant in proceedings in the Circuit Court of Cook County, Illinois. During those proceedings and a subsequent appeal, employees of the **Clerk of the Circuit Court of Cook County** altered, omitted, and incompletely certified official court records.

2. On **June 7, 2021**, Martin filed a **Notice of Appeal** in the underlying case.

3. On or about **January 2, 2022**, Martin discovered that the record transmitted by the Clerk's Office to the appellate court **contained an altered and partially illegible version of his petition under 735 ILCS 5/2-1401**.
   The version provided by the clerks differed from the document he had filed, with several sections changed or unreadable. **(exhibit A and B)**

4. Martin contacted the **Circuit Court Clerk's Office** seeking correction. Staff declined, insisting that he would need a **court order** before any changes could be made.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

5. On **February 2, 2022**, Martin filed a **motion in the circuit court** requesting that the clerks provide a **true and correct record**.
   On **March 10, 2022**, the circuit court entered an **order directing the clerks to ensure that the appellate record was true and correct, free of errors, alterations, and omissions, and to supplement it with all recent filings.**

6. On **May 12, 2022**, Martin electronically uploaded that order and related materials to the Clerk's system for preparation of a **supplemental record.**

7. On **May 20, 2022**, **Chief Deputy Clerk Gretchen Peterson**, head of the Civil Appeals Division, emailed Martin stating that her office had not received the required order or stipulation to complete the supplemental record.
   That same day, Martin responded by email, attaching the May 12 order and asking for confirmation.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

8. On **May 23, 2022**, Peterson acknowledged receipt, inquired about the scope of the supplemental record, and referenced "the list of ROPs and the 12 ROPs." Martin replied that the record should include **twelve court-reporter reports** and a **corrected copy of his 2-1401 petition**, which had been botched in the original record.

9. On **May 24, 2022**, Peterson confirmed receipt, stating: *"Yes, those are the documents we have. I will complete the supplemental record and email you any balance due."*

10. On or about **May 31, 2022**, the Clerk's Office informed Martin that the supplemental record was ready. When Martin asked to review it before submission, Peterson stated that the office **does not send records to anyone except the appellate court.**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

11. On **June 23, 2022**, the Illinois Appellate Court provided Martin with a copy of the supplemental record. The record contained a correct version of his 2-1401 petition but **did not include any filings after June 7, 2021.**

12. On **July 6, 2022**, the **Illinois Appellate Court issued an order** directing the Circuit Court Clerk to **prepare and transmit a record containing all materials dated on and after June 7, 2021.**

13. On **August 11, 2022**, Martin sent Peterson a copy of the appellate-court order and a **court reporter's report from the June 8, 2022 hearing before Judge Ahern**. He requested that the missing materials be included in the corrected record.

14. On **August 17, 2022**, the Clerk's Office transmitted a new record to the appellate court. That record was **riddled with alterations and omissions**: key documents were altered or unreadable, and the transcript from the June 8 hearing was missing. **(exhibit C and D).**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

15. Despite Martin's repeated written and electronic communications and two separate court orders directing correction, the Clerk's Office **failed to provide a verified, complete, and accurate record.**

16. As a result, Martin has **been unable to rely on an unaltered judicial record for appellate review** and has incurred substantial time, expense, and frustration attempting to obtain an accurate file.

17. The Illinois Appellate Court subsequently dismissed Plaintiff's appeal for lack of jurisdiction because Plaintiff had pending claims still before the trial court. Under Illinois law, an appeal may not proceed until all claims in the case have been resolved with a final, appealable order.
18. Although the appeal was dismissed on jurisdictional grounds unrelated to the record defects, Plaintiff's discovery of the systematic alteration of court records during the appellate process revealed a constitutional violation that threatened his ability to obtain meaningful review once his case becomes fully appealable.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

19. Had the appeal proceeded on the merits with the altered and incomplete records transmitted by the Clerk's Office, Plaintiff would have been unable to accurately present his claims to the reviewing court. The alterations included missing text, illegible sections, etc. that would have materially misrepresented Plaintiff's legal arguments.

20. Plaintiff's trial court claims remain pending. Upon their resolution, Plaintiff will have a final, appealable order and will file a new appeal. That appeal will necessarily depend on records prepared by the same Clerk's Office that has already demonstrated—despite two court orders—its unwillingness or inability to provide accurate documentation.

21. Plaintiff intends to pursue further appellate review in his underlying case. Based on the Clerk's Office's demonstrated pattern of transmitting altered, incomplete, and illegible records despite two court orders and multiple attempts at correction, Plaintiff has a well-founded expectation that any future appellate record will likewise be defective. Under Illinois Supreme Court Rules, the appellant bears responsibility for ensuring the accuracy of the record on appeal, yet the Clerk's Office has refused to allow Plaintiff to review records before certification. Plaintiff therefore faces an ongoing and imminent threat of being denied meaningful

appellate review unless the Court intervenes to require the Clerk's Office to implement proper record-keeping procedures.

## EQUITABLE TOLLING AND TIMELINESS OF CLAIMS AGAINST CLERK DEFENDANTS

### Nature of This Action and Relation to Prior Proceedings

Plaintiff previously filed a complaint in this Court on November 10, 2022 (Case No. 22-cv-06296), naming multiple defendants including the Cook County Clerk defendants. That case was dismissed by Judge Harjani on May 23, 2024, on multiple grounds: (1) federal abstention as to claims against Judge Ahern and Attorney General Raoul, and (2) failure to effectuate service under Rule 4(m) as to the Clerk defendants and Cook County. The Seventh Circuit affirmed the dismissal on September 3, 2025, but solely on abstention grounds, explicitly declining to address "Martin's other arguments" including the service issue. *Martin v. Raoul*, No. 24-1915 (7th Cir. Sept. 3, 2025).

The present complaint asserts only claims against the Clerk defendants and Cook County. The parties as to whom service was not completed and the merits were never adjudicated. The abstention principles that led to dismissal of claims against Judge

Ahern and the Attorney General do not apply to these claims against non-judicial administrative officers performing ministerial record-keeping functions. Moreover, because the prior dismissal as to the Clerk defendants was based solely on a procedural service defect, not on the merits, and not on abstention. Res judicata does not bar this action.

**Timeliness of Initial Filing**

The original action was timely filed on November 10, 2022, less than three months after the Cook County Clerk's Office transmitted the defective supplemental record on August 17, 2022. The claims against the Clerk defendants arose from a common nucleus of operative facts: the systematic denial of Plaintiff's right to appellate review through alteration of court records and refusal to provide accurate documentation despite two court orders directing correction.

**Equitable Tolling Applies to Service Deadline in Prior Case**

"A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Both

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

elements were satisfied in the prior proceeding, and the failure to complete service on the Clerk defendants before dismissal should not bar this action.

Equitable tolling of the service deadline under Federal Rule of Civil Procedure 4(m) was warranted for the following reasons:

1. **Judicial Acknowledgment of Staged Service**: During proceedings before Judge Andrea Wood in the prior case, Plaintiff raised concerns about serving the Clerk defendants while claims against other defendants remained pending. On August 10, 2023, Judge Wood explicitly acknowledged that filing an amended complaint naming additional defendants would restart the response period for all defendants, potentially delaying her imminent ruling on Plaintiff's claims against Judge Ahern, claims that had already been fully briefed and argued. Judge Wood indicated that service on the Clerk defendants could occur after resolution of the pending motion to dismiss. Plaintiff reasonably relied on this judicial guidance in determining the timing of service.

2. **Extraordinary Circumstances Beyond Plaintiff's Control**: The delays in the prior case were caused by factors entirely outside Plaintiff's control:

    - Judge Wood scheduled a ruling for January 25, 2024, which was continued to February 2, 2024

    - The February 2 ruling was continued to February 28, 2024

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

- The February 28 ruling was continued to March 13, 2024
- The March 13 ruling was continued to April 29, 2024
- On April 2, 2024, the case was unexpectedly reassigned to Judge Harjani
- Judge Harjani dismissed the entire case on May 23, 2024, without the benefit of understanding the extensive record regarding service strategy that had been developed with Judge Wood

The Seventh Circuit has recognized that equitable tolling may apply where "the opposing party's conduct contributed to delay." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). In the prior case, the named Defendants (Ahern and Raoul) requested multiple extensions and continuances that consumed time and prevented Plaintiff from executing the planned staged service approach.

3. **Continuing Violation Doctrine**: The constitutional violations alleged against the Clerk defendants constitute a continuing violation that persists to the present day. Plaintiff still requires accurate, unaltered court records. Each refusal to provide such records, and each transmission of altered or incomplete records, constitutes a new violation. The most recent documented violation occurred on August 17, 2022, but Plaintiff faces an ongoing and imminent threat of future violations. Under Illinois law, the appellant bears responsibility for ensuring record accuracy, yet the Clerk's Office has refused to allow Plaintiff to review records before certification, creating an impossible situation.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

4. **Diligent Prosecution**: Plaintiff diligently prosecuted the prior action from its filing in November 2022 through its dismissal in May 2024. Plaintiff:
   - Timely filed the initial complaint
   - Participated in numerous status conferences
   - Filed multiple amended complaints as directed by the Court
   - Consistently raised the issue of when and how to serve the Clerk defendants
   - Never abandoned the claims against the Clerk defendants
   - Attempted to balance the competing concerns of obtaining a ruling on pending claims while preserving claims against all responsible parties
5. **No Prejudice to Clerk Defendants**: The Clerk defendants have suffered no prejudice from the delay in service or the filing of this new action. The alleged conduct is well-documented through:
   - Two court orders directing the Clerk's Office to provide accurate records (March 10, 2022 and July 6, 2022)
   - Email correspondence between Plaintiff and Chief Deputy Clerk Gretchen Peterson (May 20-24, 2022)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

  - The defective records themselves (May 31, 2022 and August 17, 2022 transmissions)
  - Illinois Appellate Court orders acknowledging the record deficiencies

**Good Cause Existed for Service Delay and Supports This Action**

Even if equitable tolling did not apply, good cause existed to extend the service deadline in the prior case under Rule 4(m). The Seventh Circuit has held that "[t]he decision of whether to dismiss is inherently discretionary." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Plaintiff was placed in an impossible position: either (1) serve the Clerk defendants and risk restarting the entire case, losing nearly two years of litigation progress and delaying resolution of claims against other defendants, or (2) proceed toward what appeared to be an imminent ruling and serve the Clerk defendants thereafter. Judge Wood's statements on the record indicated the latter approach was permissible. Moreover, the frequent continuances consumed time through no fault of Plaintiff.

**Policy Considerations and Absence of Claim Preclusion**

Dismissing or barring these claims would reward the very recordkeeping irregularities that form the basis of this lawsuit. The Clerk's Office's pattern of altering and withholding court records created procedural obstacles to both state and federal judicial review. These claims were never adjudicated on the merits—they were dismissed solely for a service defect that occurred under extraordinary circumstances. The Seventh Circuit did

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

not review the service issue, and no court has determined whether Plaintiff's constitutional rights were violated by the Clerk defendants' conduct.

Claim preclusion (res judicata) does not apply because: (1) there was no adjudication on the merits; (2) the prior dismissal was based solely on a procedural defect; (3) the Seventh Circuit explicitly declined to address the service issue; and (4) the principles of abstention that led to dismissal of other defendants do not apply to claims against non-judicial ministerial officers.

**Conclusion on Timeliness**

For all these reasons, this action is not barred by the prior dismissal, equitable considerations support adjudication on the merits, and this Court should permit these claims to proceed.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

**COUNT I – DENIAL OF ACCESS TO COURTS**

**(42 U.S.C. § 1983 – Fourteenth Amendment)**

**Against Defendant Gretchen Peterson (Individual Capacity) and Cook County, Illinois (Monell Liability)**

---

## Incorporation of Prior Allegations

1. Plaintiff incorporates by reference the Statement of Facts as though fully set forth herein.

---

## Legal Framework

2. The Fourteenth Amendment guarantees individuals meaningful access to the courts, including the ability to pursue appellate review without unreasonable interference from state officials. *See Christopher v. Harbury*, 536 U.S. 403 (2002); *Bounds v. Smith*, 430 U.S. 817 (1977).
3. This right includes access to an accurate, complete, and unaltered record necessary to present claims on appeal. *See Snyder v. Nolen*, 380 F.3d 279, 289 (7th Cir. 2004).

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

4. A denial of access claim requires showing that the defendant's actions hindered the pursuit of a nonfrivolous legal claim or appeal.
   *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996).

---

**Peterson's Actions Under Color of State Law**

5. At all relevant times, Defendant **Gretchen Peterson** acted under color of state law as **Chief Deputy Clerk** in the Civil Appeals Division of the Cook County Circuit Court Clerk's Office.
6. Peterson was responsible for preparing, certifying, and transmitting appellate records in accordance with Illinois Supreme Court Rules 321–328.
7. Peterson had direct knowledge of Plaintiff's need for a corrected and complete appellate record, as shown in her correspondence with Plaintiff between **May 20 and May 24, 2022**, and by the **March 10, 2022** court order directing correction of the record.
8. Despite confirming receipt of the necessary materials on May 24, Peterson's office transmitted incomplete and defective records on **May 31, 2022**, and again on **August 17, 2022**.
9. The May 31 record omitted all filings after June 7, 2021, in violation of the Circuit Court's order requiring inclusion of recent filings.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

10. The August 17 record, sent after the Appellate Court's July 6, 2022 order, contained altered and unreadable documents and omitted the **June 8, 2022 transcript** that Plaintiff had provided on August 11.

11. Peterson refused to allow Plaintiff to review the supplemental record before transmission, stating that the Clerk's Office does not send records to anyone except the appellate court.

    This prevented Plaintiff from identifying and correcting the errors.

12. Peterson's repeated failures, despite two court orders and multiple direct communications, show **deliberate indifference** to Plaintiff's constitutional right of access to the courts.

---

**Denial of Access to Courts**

13. As a direct result of Peterson's conduct, Plaintiff was deprived of a complete and accurate appellate record during his appeal. Although that appeal was ultimately dismissed on jurisdictional grounds unrelated to the record defects, Plaintiff discovered during the appellate process that the Clerk's Office had systematically altered his filings and refused to correct them despite two court orders. Had the appeal proceeded to decision on the merits with the altered records, Plaintiff would have been unable to accurately present his claims. The alterations included rendering substantial portions of Plaintiff's 2-1401 petition illegible or

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

blank (compare Exhibit A with Exhibit B), altering the statutory citation from "735 ILCS 5/2-1401 (f)" to "35 ILCS 5 2 40 f.," and obscuring key information in his Notice of Appeal (compare Exhibit C with Exhibit D). These defects would have resulted in a fundamentally unfair appellate process in which the reviewing court would have been denied access to Plaintiff's actual arguments. Moreover, Plaintiff faces imminent repetition of this constitutional violation when he files his next appeal upon resolution of his pending trial court claims. Plaintiff expended significant time and resources trying to correct the record through motions in both the Circuit and Appellate Courts, yet was unable to obtain a verified, complete record.

14. These deficiencies directly impaired Plaintiff's ability to pursue his appeal and denied him meaningful access to judicial review.

15. Peterson's conduct was objectively unreasonable and violated clearly established law. The right to meaningful access to courts through an accurate appellate record has been clearly established since Bounds v. Smith, 430 U.S. 817 (1977), and Christopher v. Harbury, 536 U.S. 403, 415 (2002). The Seventh Circuit has specifically recognized that court officials who interfere with litigants' access to accurate records violate this right. See Snyder v. Nolen, 380 F.3d 279, 289 (7th Cir. 2004). No reasonable official could believe it lawful to transmit incomplete or altered records after being ordered twice by courts to provide accurate materials. See Hope v. Pelzer, 536 U.S. 730, 741 (2002) (qualified immunity does not

protect officials when unlawfulness is obvious). Peterson is therefore not entitled to qualified immunity.

16. Plaintiff's appeal was dismissed by the Illinois Appellate Court for lack of appellate jurisdiction due to pending trial court claims, not due to any defect in Plaintiff's arguments or the merits of his claims. However, the jurisdictional dismissal does not negate the constitutional violation. During the appellate process, Plaintiff discovered that the records transmitted by the Clerk's Office bore little resemblance to the documents he had actually filed. With entire pages rendered blank or illegible, legal arguments obscured, and statutory citations altered. Had the appeal proceeded to merits review, these altered records would have denied Plaintiff meaningful access to the courts by misrepresenting his legal arguments to the reviewing court. Moreover, Plaintiff's pending trial court claims will generate another appeal upon their resolution, and he faces imminent repetition of the same constitutional violation unless this Court grants injunctive relief. The constitutional harm is not merely hypothetical, it is the ongoing denial of the ability to obtain accurate court records necessary for appellate review, despite two court orders directing their provision.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

**Monell Liability Against Cook County**

17. Defendant **Cook County** is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because the constitutional violations resulted from the policies, practices, and customs of the Cook County Clerk's Office.
18. The Clerk's Office maintained inadequate procedures for preparing and certifying appellate records, which were the moving force behind the violations alleged.
19. Specifically, the Clerk's Office failed to ensure that:

    a. Appellate records were complete, accurate, and legible;

    b. Record corrections were implemented as required by court order;

    c. Staff responsible for record preparation were properly trained and supervised; and

    d. Litigants were permitted to verify the record before transmission.
20. These deficiencies reflect systemic failures in record-keeping practices under the supervision of the Clerk of Court and constituted **deliberate indifference** to the rights of litigants. *See Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).
21. As a result, Cook County's policies and practices caused the deprivation of Plaintiff's right of access to the courts.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

**Causation and Injury**

22. As a direct and proximate result of Defendants' conduct, Plaintiff suffered harm including:

a. Denial of meaningful appellate review through systematic alteration of court records, preventing accurate presentation of claims;

b. Substantial expenditure of time and resources;

c. Emotional distress and frustration; and

d. Ongoing prejudice in the resolution of his underlying claims.

e. Imminent threat of repetition of these constitutional violations when Plaintiff files his next appeal upon resolution of pending trial court claims.

---

**WHEREFORE, Plaintiff respectfully requests that this Court:**

A. Enter judgment in his favor and against Defendants **Gretchen Peterson** (individual capacity) and **Cook County, Illinois**;

B. Award **compensatory damages** in an amount to be determined at trial;

C. Award **punitive damages** against Defendant Peterson;

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

D. Award **reasonable costs and attorney's fees** under 42 U.S.C. § 1988; and

E. Grant such further relief as the Court deems just and proper.

---

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

## COUNT II – PROCEDURAL DUE PROCESS VIOLATION

**(42 U.S.C. § 1983 – Fourteenth Amendment)**

**Against Defendant Gretchen Peterson (Individual Capacity) and Cook County, Illinois (Monell Liability)**

---

### Incorporation of Prior Allegations

1. Plaintiff incorporates by reference the Statement of Facts as though fully set forth herein.

---

### Legal Framework

2. The Fourteenth Amendment prohibits state actors from depriving any person of life, liberty, or property without due process of law.

3. Illinois law provides litigants with a right to appeal final judgments. Once that right is granted, it cannot be arbitrarily obstructed by state officials. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Cady v. Sheahan*, 467 F.3d 1057 (7th Cir. 2006).

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

4. Due process requires fair procedures and an effective opportunity to challenge judicial decisions through appeal. When state actors interfere with that process without justification, they violate the Constitution. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

---

**Peterson's Conduct**

5. Defendant Gretchen Peterson, acting under color of state law as Chief Deputy Clerk of the Civil Appeals Division, was responsible for preparing and certifying Plaintiff's appellate record.

6. Peterson was notified that the record contained altered and illegible documents and was subject to two court orders—March 10 and July 6, 2022—requiring her office to produce a true and correct record.

7. Despite these orders, Peterson transmitted defective records on May 31 and August 17, 2022, and refused to allow Plaintiff to review the record before submission, stating that "the office does not send records to anyone except the appellate court."

8. These actions denied Plaintiff a meaningful opportunity to ensure the accuracy of his appeal and constituted an arbitrary deprivation of his procedural rights.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

9. Peterson's conduct was intentional or recklessly indifferent to Plaintiff's constitutional rights and violated clearly established law. No reasonable official could believe that defying two court orders and transmitting altered records was lawful.

---

**Monell Liability Against Cook County**

10. Defendant Cook County is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because the violations of Plaintiff's due process rights resulted from the policies and customs of the Cook County Clerk's Office.

11. The Clerk's Office lacked adequate procedures for:

    a. Ensuring records were complete and accurate before certification;

    b. Complying with court orders for record correction;

    c. Training and supervising employees responsible for record transmission; and

    d. Allowing litigants a reasonable chance to verify record accuracy.

12. These deficiencies were longstanding and reflected **deliberate indifference** to the risk that litigants would be deprived of fair procedures. *See Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293 (7th Cir. 2010).

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

13. The policies and customs of Cook County were the moving force behind the deprivation of Plaintiff's right to due process.

---

**Causation and Injury**

14. As a direct and proximate result of Defendants' actions and policies, Plaintiff was deprived of a fair and reliable appellate process and suffered:
    a. Loss of meaningful appellate review;
    b. Substantial time and expense in attempting to correct the record; and
    c. Emotional distress and delay in resolving his claims.

---

**Relief Requested**

15. Plaintiff seeks both monetary and equitable relief to remedy the violations described above. In particular, Plaintiff requests that this Court:

A. Enter judgment in his favor and against Defendants **Gretchen Peterson** (individual capacity) and **Cook County, Illinois**;

B. Award **compensatory damages** for loss of access and related injuries;

C. Award **punitive damages** against Defendant Peterson;

D. Issue **declaratory relief** stating that Defendants' practices violate the Fourteenth Amendment; and

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

E. Grant **injunctive relief** directing Defendants to implement and enforce policies that:

1. Ensure accurate and complete records are prepared for appeal;
2. Permit litigants to review records for accuracy before certification; and
3. Provide oversight and training to prevent future alterations or omissions.

F. Award Plaintiff his reasonable costs and fees under 42 U.S.C. § 1988 and any further relief deemed just and proper.

---

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**COUNT III – DECLARATORY AND INJUNCTIVE RELIEF**

***(42 U.S.C. § 1983 – Against Gretchen Peterson and Mariyana Spyropoulos, Official Capacities)***

---

**1. Incorporation of Prior Allegations**

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

---

**2. Nature of the Claim**

This claim seeks prospective equitable relief to prevent the continuation of practices by

the Clerk of the Circuit Court of Cook County that deprive litigants of due process and meaningful access to appellate review.

Defendants **Gretchen Peterson**, Chief Deputy Clerk, and **Mariyana Spyropoulos**, Clerk of the Circuit Court of Cook County, are sued in their **official capacities** for declaratory and injunctive relief pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

---

**3. Ongoing Violation of Federal Rights**

a. Plaintiff has a protected right under the Fourteenth Amendment to meaningful access to the courts through accurate and reliable judicial records.

b. Despite multiple court orders directing correction and supplementation of Plaintiff's record, the Clerk's Office continued to transmit altered, incomplete, and illegible materials to the Illinois Appellate Court.

c. The Clerk's Office has no effective procedures for ensuring record integrity, compliance with judicial directives, or allowing litigants to verify their appellate records before certification.

d. These systemic deficiencies continue to threaten Plaintiff and other litigants with future constitutional harm.

e. Imminent and Continuing Injury. Plaintiff faces imminent and continuing injury as he prepares to pursue further appellate review in his underlying case. Plaintiff has

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

pending claims in the trial court that will, upon resolution, generate a final appealable order triggering his right to appeal. That appeal will necessarily depend on records prepared by the Clerk's Office. Plaintiff's prior appeal was dismissed by the Illinois Appellate Court for lack of appellate jurisdiction due to pending trial court claims, not on the merits. During that appeal, Plaintiff discovered systematic record alterations, including entire pages rendered blank or illegible, statutory citations changed, and legal arguments obscured, which would have denied him meaningful review had the appeal proceeded to decision on the merits. The threat of future harm is not speculative but real and concrete, demonstrated by the Clerk's Office's repeated transmission of altered and incomplete records despite two separate court orders directing correction. Unless this Court grants prospective injunctive relief, Plaintiff will be forced to choose between (1) abandoning his right to appellate review, or (2) submitting to a fundamentally flawed appeals process in which he cannot verify the accuracy of the record upon which his appeal depends. Plaintiff requires injunctive relief before attempting another appeal to ensure that the constitutional violations he has already suffered are not repeated and that he receives the meaningful access to courts guaranteed by the Fourteenth Amendment.

f. Causation Established Through Discovery of Record Alterations. Although Plaintiff's prior appeal was dismissed for lack of appellate jurisdiction due to pending trial court claims, Plaintiff's discovery of systematic record alterations during the appellate process revealed a pattern of constitutional violations that threatens his

ability to obtain meaningful appellate review in the future. The Clerk's Office transmitted documents in which entire pages were rendered blank or illegible (compare Exhibit A with Exhibit B), statutory citations were altered from "735 ILCS 5/2-1401 (f)" to "35 ILCS 5 2 40 f.," and key portions of legal arguments were removed or obscured (compare Exhibit C with Exhibit D). Had the appeal proceeded to decision on the merits, these alterations would have prevented the appellate court from understanding Plaintiff's actual arguments, resulting in a denial of meaningful access to courts. The Clerk's Office defied two separate court orders. One from the Circuit Court on March 10, 2022, and another from the Appellate Court on July 6, 2022 directing provision of accurate records, demonstrating deliberate indifference to Plaintiff's constitutional rights and to judicial mandates.

g. Certainty of Future Appeals. Plaintiff's state court case remains active with pending claims that must be resolved before appellate review is available. Upon resolution of those claims, Plaintiff will have a final, appealable order and will file a new appeal raising constitutional and jurisdictional issues. Under Illinois law, constitutional and jurisdictional challenges are not subject to ordinary statutes of limitation, ensuring Plaintiff's continuing right to pursue appellate review. These future appeals are not speculative. They are certain to occur upon resolution of Plaintiff's pending trial court claims. Plaintiff requires prospective relief now to ensure his next appeal is not sabotaged by the same record-keeping failures that

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

compromised his prior appeal. Without injunctive relief, Plaintiff will be unable to verify the accuracy of records before they are certified to the appellate court, placing him in the impossible position of being responsible for record accuracy under Illinois Supreme Court Rules 321-328 while being denied the ability to ensure that accuracy. The Clerk's Office's refusal to allow litigants to review records before certification, combined with its demonstrated pattern of transmitting altered documents despite court orders, creates a continuing constitutional violation that requires prospective equitable relief.

---

**4. Declaratory Relief Sought**

Plaintiff requests a declaration that:

a. The policies, customs, and practices of the Clerk's Office that permit altered or incomplete records to be transmitted violate the Due Process Clause of the Fourteenth Amendment; and

b. The refusal to allow litigants to review and correct appellate records before certification constitutes an ongoing denial of procedural due process.

---

**5. Injunctive Relief Sought**

Plaintiff seeks a permanent injunction requiring Defendants and their successors to:

a. Implement written procedures ensuring that appellate records are complete,

accurate, and legible;

b. Establish a verification process permitting litigants to review and confirm the contents of the record prior to certification;

c. Develop internal tracking systems to document record preparation and corrections; and

d. Train and supervise staff to ensure compliance with court orders and maintain consistent record-keeping standards.

---

**6. Balance of Harms and Public Interest**

Granting injunctive relief would impose minimal administrative burden on Defendants while protecting a core constitutional right.

The harm to Plaintiff and similarly situated litigants—continued obstruction of appellate access—far outweighs any inconvenience to the Clerk's Office.

Moreover, ensuring accurate and verifiable court records serves the **public interest** by promoting judicial integrity and confidence in the administration of justice.

---

**7. No Adequate Remedy at Law**

Monetary damages cannot prevent future violations or guarantee the accuracy of court records in ongoing or future proceedings.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

Prospective equitable relief is necessary to prevent further deprivation of Plaintiff's constitutional rights.

---

**WHEREFORE**, Plaintiff **David Martin** respectfully requests that this Court:

a. Declare that Defendants' current practices violate the Fourteenth Amendment;

b. Enter a permanent injunction compelling the procedural reforms described above;

c. Award Plaintiff his costs under 42 U.S.C. § 1988; and

d. Grant such other and further relief as the Court deems just and proper.

---

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

**Reservation of Rights**

Plaintiff reserves the right to amend this Complaint, including to add parties, assert additional claims (both federal and state), or otherwise modify the pleadings, should the interests of justice or discovery reveal facts warranting such amendment.

Respectfully submitted,

David Martin, Pro Se
5352 S. Princeton Avenue
Chicago, Illinois 60609
Telephone: (773) 893-0813
Email: MartinVThompson@gmail.com

David Martin

11/6/2025

**United States District Court**
**Northern District of Illinois**

# EXHIBIT A

## The 2-1401 motion filed in state court

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.



13436363

FILED DATE: 5/24/2021 1:28 PM 2002D056455

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

**PETITION TO VACATE JUDGMENT**
**735 ILCS 5/2-1401 (f).**

FILED
5/24/2021 1:28 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, I
2002D056455

**Plaintiff(s),** )
**David Terrence Martin** )
**Sui Juris** )
) **Case No.**
vs. )
**Defendant(s)** )
**Arnell Frances Thompson** )
**IL Dept of Healthcare and Family Services** )
**People of the State of Illinois, ex. Rel.** )

# PETITION TO VACATE VOID JUDGEMENT

# 735 ILCS 5/2-1401 (f)

**NOW COMES** the Petitioner, David Martin ("Pro-se") respectfully, **Pursuant to 735 ILCS 5/2-1401 subsection (c), (f) of the Code of Civil Procedure,** and moves this court to vacate the previously entered child support judgement by this court under the case number 02D056455 in an action then and there pending, in which IL Dept of Healthcare and Family Services, and Arnell Thompson was the plaintiff and this petitioner David Martin was the defendant.

A 5/2-1401 petition to vacate must be filed in the same proceeding in which the order or judgement was entered, but it is not a continuation of the old proceeding. Therefore the petition is a new cause of action People V. Vincent, ,226 Ill. 2d. 1, 12 (2007)., See also Sarkissian v. Chicago Bd. Of Educ, 201 Ill. 2d. 95 102(2002).

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled


FILED DATE: 5/24/2021 1:28 PM 2002D056455

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

**PETITION TO VACATE JUDGMENT**
**735 ILCS 5/2-1401 (f).**

Section 5/2-1401(f) provides a comprehensive, statutory procedure by which a final order and judgment can be vacated or modified more than 30 days after their entry. 735 ILCS 5/2 1401 (WEST 2014). If a judgment is void, it can be attacked at any time and or in any court and **is not limited to the two years requirements 735 ILCS 5/2-1401(f). See also Ford Motor Credit V. Sperry, 224 Ill. 2d. 371, 627 N. E. 2d. 422, 292 Ill. Dec. 895(2005).**

## STATEMENT OF FACTS

1. On or around May 2017, Illinois Dept of HFS filed a petition for arrearages on behalf of Arnell Thompson. Ms. Thompson was the plaintiff in that petition; however, she did not provide a mailing address or an email address… I responded to Ms. Thompson's petition with a counter claim.

2. On October 26 2017, Ms. Thompson appeared in court for a hearing on the petition for arrearages. An arrearage judgment of $71,955.10 was entered against me… My counter claim was not heard. Instead, my counter claim was denied for lack of jurisdiction.

3. On Oct 31st I filed a motion for rehearing.

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled


FILED DATE: 5/24/2021 1:28 PM 2002D056455

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

**PETITION TO VACATE JUDGMENT**
**735 ILCS 5/2-1401 (f).**

4. On Dec 7th 2017, I filed a response to the States Attorney's motion. In that reply, I pointed out that my counter claim had not been heard.

5. On Jan 11th 2018, Ms. Thompson appeared for my motion for rehearing. My motion was denied, and my counter claim was denied and dismissed.

6. On November 11th 2018, the arrearage judgment was dismissed, and I was granted permission to refile my counter claim. Ms. Thompson did not appear.

7. On February 7th 2019, I refiled my counter claim.

8. On July 11th 2019, Judge Trew recused herself from the case. The case was reassigned to Judge Mackoff.

9. On September 13th 2019, Judge Mackoff dismissed my counter claim against Ms. Thompson.

10. On November 8th 2019, in a hearing for the State's motion to advance, I argued that a default judgment should be entered against Ms. Thompson. I alleged that Ms. Thompson showed a total lack of diligence. I argued **("She hasn't shown in court since November of 2018. Since then they ordered**

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled


FILED DATE: 5/24/2021 1:28 PM 2002D056455

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION



**her to appear in court for judgment, she didn't appear then. She was ordered to appear for another court date, she didn't appear to that one. So now we find ourselves in 2019, going to 2020, and Ms. Thompson has not appeared, but it's not really just based on her appearance, it's also based on the fact that she hasn't filed anything. She hasn't participated in this case. She hasn't filed anything. The only thing that was filed was actually filed by the government, HFS").**

11. On February 13th 2020, I brought up my counter claim. I argued that **("Stanley versus Illinois basically says a parental right is much greater than a property right. You can sue for the violation of a property right. I believe you should be able to sue for violation of your parental rights").** Judge Mackoff then granted me permission to file my counter claim.

12. On March 16th 2020, I refiled my counterclaim against Ms. Thompson. **The counterclaim included a request for a trial by jury.**

13. On July 16th 2020, I brought to the courts attention that I had a counter claim against Ms. Thompson.

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled



FILED DATE: 5/24/2021 1:28 PM 2002D056455

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

**PETITION TO VACATE JUDGMENT**
**735 ILCS 5/2-1401 (f).**

14. On July 29th I refiled my counterclaim against Ms. Thompson. **The counterclaim included a request for a trial by jury.**

15. On August 17th 2020, during a court status hearing, I brought to the courts attention that I had a counter claim against Ms. Thompson. I said to Judge Mackoff that **"You dismissed the counterclaim for the State. There's also a counterclaim against Ms. Thompson."** I explained that the sheriff could not serve her at 330 N. Latrobe, and I asked if I could do service through publication… Eventually I said that I would attempt service through a private detective. The court agreed.

16. On August 24th 2020, Private detective David A. Jackson served Ms. Thompson with my notice of filing and my counterclaim.

17. On March 24th I attempted to bring my counter claim to the courts attention, Judge Markoff insisted that it be discussed at the end of the proceeding. Ms. Thompson did not appear, an arrearage judgment was entered against me for $79k. My counter claim was not heard…. Judge Mackoff requested a copy of the counter claim filed before 8/24/20.

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED DATE: 5/24/2021 1:28 PM 2002D056455

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

**PETITION TO VACATE JUDGMENT**
**735 ILCS 5/2-1401 (f).**

## ARGUMENT I

I alleged that the judgment for arrearages is void because I requested a trial by jury. As a result Judge Markoff did not have jurisdiction to enter a judgment for arrearages. According to 735 ILCS 5/2-1105(a) "A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his or her answer." According to 735 ILCS 5/2-608(b) "The counterclaim shall be a part of the answer". I filed a timely counterclaim in response to the plaintiff's petition of arrearages. My counterclaim was part of the answer and it contained a demand for a jury trial. I attempted to bring the counterclaim to Judge Mackoff's attention before he had a hearing, but he insisted that it be discussed after the hearing. It should also be noted that **"Statute governing jury demand should be liberally construed in favor of allowing trial by jury." Pechan v. DynaPro, Inc., App. 2 Dist.1993, 190 Ill.Dec. 698, 251 Ill.App.3d 1072, 622 N.E.2d 108. Jury Key Number Symbol 25(6).**

I also argue that in this situation a judgment for arrearages without a hearing on my counterclaim constitutes a violation of due process of law. **As "a fundamental requirement of due process is the opportunity to be heard. It is an opportunity which must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).** I

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled


FILED DATE: 5/24/2021 1:28 PM 2002D056455



argue that hearing my counterclaim after a hearing for arrearages would not satisfy the requirement for a meaningful time and manner.

## ARGUMENT II

I argue that the plaintiff's claims must be heard by a jury. **Black's Law Dictionary 10th addition** defines a counter claims as **"A claim for relief asserted against an opposing party after an original claim has been made; esp, a defendants claim in opposition to or as a setoff against the plaintiffs claim.** A compulsory counterclaim relates to the opposing parties claim and arises out of the same subject matter of the plaintiff's claim… 735 ILCS 5/2-608(a) allows a counterclaim to be filled for recoupment. **Black's Law Dictionary 10th addition** defines recoupment as **"The withholding, for equitable reasons, of all or part of something that is due… Reduction of a plaintiff's damages because of a demand by the defendant arising out of the same transaction."** Legally, the only purpose of a Counterclaim is to reduce or eliminate the damages owed to plaintiff.

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled


FILED DATE: 5/24/2021 1:28 PM 2002D056455

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

**PETITION TO VACATE JUDGMENT**
**735 ILCS 5/2-1401 (f).**

**Wherefore the petitioner prays that:**

1. **The original Order for Support be vacated or set aside.**
2. **All the claims are heard by a jury.**
3. **Any other remedies the court deems appropriate.**

**Dated:** 5/24/21

**Respectfully submitted,**

______________

**David Terrence Martin**

**5352 S. Princeton**

**Chicago, IL 60649**

**SIGNATURE:** David Martin

**United States District Court**
**Northern District of Illinois**

**Exhibit B**

**The clerks altered version of my 2-1401 motion**

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.





FILED DATE: 5/24/2021 1:28 PM 2002D056455

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

**PETITION TO ACATE UDGMENT**
**35 ILCS 5 2 40 f .**

FILED
5/24/2021 1:28 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, I
2002D056455

| | | |
|---|---|---|
| **Plaintiff(s),** | ) | |
| **David Terrence Martin** | ) | |
| **Sui Juris** | ) | |
| | ) | **Case No.** |
| vs. | ) | |
| **Defendant(s)** | ) | |
| **Arnell Frances Thompson** | ) | |
| **IL Dept of Healthcare and Family Services** | ) | |
| **People of the State of Illinois, ex. Rel.** | ) | |

# PETITION TO VACATE VOID JUDGEMENT

## 735 ILCS 5/2 1401 (f)

**NOW COMES** the Petitioner, David Martin Pro-se respectfully, **Pursuant to 735 ILCS 5/2 1401 subsection (c), (f) of the Code of Civil Procedure,** and moves this court to vacate the previously entered child support udgement by this court under the case number 02D056455 in an action then and there pending, in which IL Dept of Healthcare and Family Services, and Arnell Thompson was the plaintiff and this petitioner David Martin was the defendant.

A 5 2-1401 petition to vacate must be filed in the same proceeding in which the order or udgement was entered, but it is not a continuation of the old proceeding. Therefore the petition is a new cause of action People V. Vincent, ,226 Ill. 2d. 1, 12 200 ., See also Sarkissian v. Chicago Bd. Of duc, 201 Ill. 2d. 95 102 2002 .

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled


FILED DATE: 5/24/2021 1:28 PM 2002D056455

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

**PETITION TO ACATE UDGMENT**
**35 ILCS 5 2 40 f .**

Section 5 2-1401 f provides a comprehensive, statutory procedure by which a final order and udgment can be vacated or modified more than 0 days after their entry. 5 ILCS 5 2 1401 W ST 2014 . If a udgment is void, it can be attacked at any time and or in any court and **is not limited to the two years re uirements 735 ILCS 5/2 1401(f). See also Ford Motor Credit V. Sperry, 224 Ill. 2d. 371, 627 N. E. 2d. 422, 292 Ill. Dec. 895(2005).**

## STATEMENT OF FACTS

1. On or around May 201 , Illinois Dept of HFS filed a petition for arrearages on behalf of Arnell Thompson. Ms. Thompson was the plaintiff in that petition however, she did not provide a mailing address or an email address I responded to Ms. Thompson s petition with a counter claim.

2. On October 26 201 , Ms. Thompson appeared in court for a hearing on the petition for arrearages. An arrearage udgment of 1,955.10 was entered against me My counter claim was not heard. Instead, my counter claim was denied for lack of urisdiction.

. On Oct 1st I filed a motion for rehearing.

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled


FILED DATE: 5/24/2021 1:28 PM 2002D056455

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION



4. On Dec th 201 , I filed a response to the States Attorney s motion. In that reply, I pointed out that my counter claim had not been heard.

5. On an 11th 201 , Ms. Thompson appeared for my motion for rehearing. My motion was denied, and my counter claim was denied and dismissed.

6. On ovember 11th 201 , the arrearage udgment was dismissed, and I was granted permission to refile my counter claim. Ms. Thompson did not appear.

. On February th 2019, I refiled my counter claim.

. On uly 11th 2019, udge Trew recused herself from the case. The case was reassigned to udge Mackoff.

9. On September 1 th 2019, udge Mackoff dismissed my counter claim against Ms. Thompson.

10. On ovember th 2019, in a hearing for the State s motion to advance, I argued that a default udgment should be entered against Ms. Thompson. I alleged that Ms. Thompson showed a total lack of diligence. I argued **("She hasn't shown in court since November of 2018. Since then they ordered**

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled


FILED DATE: 5/24/2021 1:28 PM 2002D056455



**her to appear in court for judgment, she didn't appear then. She was ordered to appear for another court date, she didn't appear to that one. So now we find ourselves in 2019, going to 2020, and Ms. Thompson has not appeared, but it's not really just based on her appearance, it's also based on the fact that she hasn't filed anything. She hasn't participated in this case. She hasn't filed anything. The only thing that was filed was actually filed by the government, HFS").**

11. On February 1 th 2020, I brought up my counter claim. I argued that **("Stanley versus Illinois basically says a parental right is much greater than a property right. You can sue for the violation of a property right. I believe you should be able to sue for violation of your parental rights").** udge Mackoff then granted me permission to file my counter claim.

12. On March 16th 2020, I refiled my counterclaim against Ms. Thompson. **The counterclaim included a re uest for a trial by jury.**

1 . On uly 16th 2020, I brought to the courts attention that I had a counter claim against Ms. Thompson.

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED DATE: 5/24/2021 1:28 PM 2002D056455

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

**PETITION TO ACATE UDGMENT**
**35 ILCS 5 2 40 f .**

14. On uly 29th I refiled my counterclaim against Ms. Thompson. **The counterclaim included a re uest for a trial by jury.**

15. On August 1 th 2020, during a court status hearing, I brought to the courts attention that I had a counter claim against Ms. Thompson. I said to udge Mackoff that **"You dismissed the counterclaim for the State. There's also a counterclaim against Ms. Thompson."** I e plained that the sheriff could not serve her at 0 . Latrobe, and I asked if I could do service through publication ventually I said that I would attempt service through a private detective. The court agreed.

16. On August 24th 2020, Private detective David A. ackson served Ms. Thompson with my notice of filing and my counterclaim.

1 . On March 24th I attempted to bring my counter claim to the courts attention, udge Markoff insisted that it be discussed at the end of the proceeding. Ms. Thompson did not appear, an arrearage udgment was entered against me for 9k. My counter claim was not heard . udge Mackoff re uested a copy of the counter claim filed before 24 20.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

FILED DATE: 5/24/2021 1:28 PM 2002D056455

PETITION TO ACATE UDGMENT
35 ILCS 5 2 40 f .

## ARGUMENT I

I alleged that the udgment for arrearages is void because I re uested a trial by ury. As a result udge Markoff did not have urisdiction to enter a udgment for arrearages. According to 5 ILCS 5 2-1105 a A defendant desirous of a trial by ury must file a demand therefor not later than the filing of his or her answer. According to 5 ILCS 5 2-60 b The counterclaim shall be a part of the answer . I filed a timely counterclaim in response to the plaintiff s petition of arrearages. My counterclaim was part of the answer and it contained a demand for a ury trial. I attempted to bring the counterclaim to udge Mackoff s attention before he had a hearing, but he insisted that it be discussed after the hearing. It should also be noted that **"Statute governing jury demand should be liberally construed in favor of allowing trial by jury." Pechan v. DynaPro, Inc., App. 2 Dist.1993, 190 Ill.Dec. 698, 251 Ill.App.3d 1072, 622 N.E.2d 108. Jury Key Number Symbol 25(6).**

I also argue that in this situation a udgment for arrearages without a hearing on my counterclaim constitutes a violation of due process of law. **As "a fundamental re uirement of due process is the opportunity to be heard. It is an opportunity which must be granted at a meaningful time and in a meaningful manner." Armstrong v. Man o, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).** I

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled


FILED DATE: 5/24/2021 1:28 PM 2002D056455



argue that hearing my counterclaim after a hearing for arrearages would not satisfy the re uirement for a meaningful time and manner.

## ARGUMENT II

I argue that the plaintiff s claims must be heard by a ury. **Black s Law Dictionary 10th addition** defines a counter claims as **"A claim for relief asserted against an opposing party after an original claim has been made esp, a defendants claim in opposition to or as a setoff against the plaintiffs claim.** A compulsory counterclaim relates to the opposing parties claim and arises out of the same sub ect matter of the plaintiff s claim 5 ILCS 5 2-60 a allows a counterclaim to be filled for recoupment. **Black s Law Dictionary 10th addition** defines recoupment as **"The withholding, for e uitable reasons, of all or part of something that is due… Reduction of a plaintiff s damages because of a demand by the defendant arising out of the same transaction."** Legally, the only purpose of a Counterclaim is to reduce or eliminate the damages owed to plaintiff.

FILED DATE: 5/24/2021 1:28 PM 2002D056455

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

PETITION TO ACATE UDGMENT
35 ILCS 5 2 40 f .

Wherefore the petitioner prays that:

1. The original Order for Support be vacated or set aside.
2. All the claims are heard by a jury.
3. Any other remedies the court deems appropriate.

Dated: 5/24/21

Respectfully submitted,

David Terrence Martin

5352 S. Princeton

Chicago, IL 60649

SIGNATURE: David Martin

**United States District Court**
**Northern District of Illinois**

# Exhibit C

## The notice of appeal I filed for Judge Ahern’s Judgment

**APPEAL TO THE APPELLATE COURT OF ILLINOIS**
**FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**NOTICE OF APPEAL**

**Plaintiff(s),** )

**David Terrence Martin** )

**Sui Juris** )

) **Case No. 02D056455**

vs. )

**Defendant(s)** )

**Arnell Frances Thompson** )

**IL Dept of Healthcare and Family Services** )

**People of the State of Illinois, ex. Rel.** )

# NOTICE OF APPEAL

Appellant's Name: David Martin
Pro Se 99500
Address: 5352 S. Princeton
City: Chicago
State: IL
Zip: 60609
Primary Email: MartinVThompson@gmail.com

Appellee's Name: Illinois Department of Healthcare and Family Services, ex rel.,
Atty. No.: 17052
Atty Name: Kimberly M. Foxx By Assistant States Attorney
Address: 28 N. Clark Suit 300
City: Chicago
State: IL
Zip: 60609

# APPEAL TO THE APPELLATE COURT OF ILLINOIS
# FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## NOTICE OF APPEAL

Appellee's Name: Arnell Thompson
Atty. No.: 36819
Atty Name: Law Office of Keith L. Spence
Email: Attyspence@gmail.com
Phone: 708-584-9012
Address: 4749 Lincoln Mall Dr. Ste. 202
City: Matteson
State: IL
Zip: 60443

This appeal is taken from the court order for contribution of college expenses entered on 3/10/2022. Post judgment motions were filed. The court order denied my post judgment motions on 6/8/2022.

**NOTICE!!!! THIS CASE IS ALREADY IN THE APPELLATE COURT. THE CASE NUMBER IS 1-21-0661. A SECOND NOTICE OF APPEAL IS BEING FILED BECAUSE THE APELLEES FILE ADDITIONAL CLAIMS AND RECEIVED A JUDGMENT ON THOSE CLAIMS. THOSE CLAIMS ARE RELATED TO THE ORIGINAL APPEAL AND SHOULD BE HEARD TOGETHER.**

Name of judge who entered the judgment /order being appealed is Judge Gregory Emmett Ahern Jr.

Relief sought from reviewing court:

1. Declare that the order for contribution of college expenses void.
2. Dismiss the appellee's claims for contribution of college expenses.

I understand that a "Request for Preparation of Record on Appeal" form (CCA 0025) must be completed and the initial payment of $110 made prior to the preparation of the Record on Appeal. The Clerk's office will not begin preparation of the ROA until the Request form and payment are received. Failure to request preparation of the ROA in a timely manner, i.e., at least 30days before the ROA is due to the Appellate Court, may require the Appellant to file a request for Extension of time and with the Appellate Court. A " Request for preparation of Supplemental Record on Appeal" form (CCA 0023) must be completed prior to the preparation of the Supplemental ROA.

**APPEAL TO THE APPELLATE COURT OF ILLINOIS**
**FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**NOTICE OF APPEAL**

6/10/2022

Appellant's Name: David Martin
Pro Se 99500
Address: 5352 S. Princeton
City: Chicago
State: IL
Zip: 60609
Primary Email: MartinVThompson@gmail.com
Phone: 773-893-0813

David Martin

**United States District Court**
**Northern District of Illinois**

**Exhibit D**

**The clerks altered version of my notice of appeal**

**APPEAL TO THE APPELLATE COURT OF ILLINOIS**
**FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**NOTICE OF APPEAL**

FILED
6/10/2022 2:24 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2002D056455
18238558

FILED DATE: 6/10/2022 2:24 AM 2002D056455

| | | |
|---|---|---|
| **Plaintiff(s),** | ) | |
| **David Terrence Martin** | ) | |
| **Sui Juris** | ) | |
| | ) | **Case No. 02D056455** |
| vs. | ) | |
| **Defendant(s)** | ) | |
| **Arnell Frances Thompson** | ) | |
| **IL Dept of Healthcare and Family Services** | ) | |
| **People of the State of Illinois, ex. Rel.** | ) | |

# NOTICE OF APPEAL

pp d M r
r 5
ddr 5352 . r
g

p
r r M r p g .

pp p r r d r r .
. . 1 52
r M. r
ddr 2 . r 3
g

p

FILED DATE: 6/10/2022 2:24 AM 2002D056455

APPEAL TO THE APPELLATE COURT OF ILLINOIS
FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NOTICE OF APPEAL

pp r p
. . 3 1
. p
p g .
5 4 12
ddr 4 4 M r. . 2 2
M

p 443

pp r r rd r r r g p r d 3 1 2 22.
dg r d. r rd r d d p dg 2 22.

**NOTICE!!!! THIS CASE IS ALREADY IN THE APPELLATE COURT. THE CASE NUMBER IS 1-21-0661.**
**A SECOND NOTICE OF APPEAL IS BEING FILED BECAUSE THE APELLEES FILE ADDITIONAL CLAIMS AND RECEIVED A JUDGMENT ON THOSE CLAIMS. THOSE CLAIMS ARE RELATED TO THE ORIGINAL APPEAL AND SHOULD BE HEARD TOGETHER.**

dg r d dg rd r g pp d dg r g r r r.

g r r g r
1. r rd r r r g p d.
2. pp r r g p .

d r d r r p r rd pp r 25
p d d p 11 d pr r pr p r rd pp .
r g pr p r r d p r r d.
r r pr p r r . . 3 d r d
pp r r r pp r r d
pp r . r pr p r pp rd pp r 23
p d pr r pr p r pp .

APPEAL TO THE APPELLATE COURT OF ILLINOIS
FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NOTICE OF APPEAL

FILED DATE: 6/10/2022 2:24 AM 2002D056455

6/10/2022

pp d M r
r 5
ddr 5352 . r
g

p
r r M r p g .
Phone: - -0

David Martin

FILED DATE: 6/10/2022 2:24 AM 2002D056455

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

**NOTICE OF FILING**

FILED
6/10/2022 2:24 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2002D056455
18238558

**Plaintiff(s)** )
**Arnell Frances Thompson** )
**IL Dept of Healthcare and Family Services** )
**People of the State of Illinois, ex. Rel.** )
vs. ) **Case No.** 02D056455
**Defendant** )
**David Terrence Martin** )
)

## NOTICE OF FILING

To:

Appellee s Name Illinois epartment o ealthcare and amily Ser ices, e rel.,
Atty. No. 052
Atty Name im erly M. o y Assistant States Attorney
Address 28 N. Clark Suit 300
City Chicago
State I
ip 6060

Appellee s Name Arnell Thompson
Atty. No. 368
Atty Name a ice o eith . Spence
mail Attyspence gmail.com
hone 08 58 0 2
Address incoln Mall r. Ste. 202
City Matteson
State I
ip 60 3